## 3802.   BROWN  v.  BOWMAN.

1. The admission that a mutual benefit society, organized to do an insurance business, is a fraternal benefit order, duly licensed as such by the State, is equivalent to an admission that the order has a representative form of government and a lodge system such as is described in the Civil Code (1910), § 2866.

2. Where such a fraternal benefit order issues a policy of insurance and accepts from the policy-holder a note for the premium, it is no defense to an action on the note that the maker thereof has never had an opportunity to be initiated into one of the subordinate lodges of the order.

3. *Query:* Where an association has been duly licensed by the State as a fraternal benefit order and authorized to organize and conduct its business under the provisions of § 2866 et seq., of the Civil Code, can a policy-holder in the order defeat recovery upon a note given for the premium, by showing that the association was never organized in accordance with the provisions of the statute, and that it has no representative form of government or lodge system as therein provided?

DECIDED MARCH 6, 1912.

Certiorari; from Elbert superior court—Judge Meadow. September 21, 1911.

Lee S. Brown brought suit in a justice's court against Lewellyn Bowen, upon a promissory note given for the premium due on an insurance policy issued upon the life of the defendant by the Fraternal Life Association. The defense was that the insurance association was not a fraternal benefit order as defined by the Civil Code (1910), § 2866, because it did not have a representative form of government and a lodge system with a ritualistic form of work. The answer of the magistrate recites: "It was agreed by counsel that the Fraternal Life Association was a beneficiary order, and that it was licensed to do business as such in the year 1908, and that Lee S. Brown was the manager and joint owner of same." The defendant testified that when the policy was issued to him and when he gave the note sued on for the premium, the agent never said anything to him about it being necessary to establish a lodge, or for him to be initiated into a lodge; that so far as he knew, no lodge was ever established, and that he and many others who gave premium notes lived in the same community and talked frequently about the notes, and that they had never heard of any lodge being established by the association. Several witnesses were permitted to testify, over objection by the plaintiff, that they had given notes for premiums to the Fraternal Life Association, and that they had never been initiated into a lodge, and had never heard of any lodge being established, by the association. The defendant prevailed

at the trial. In the petition for certiorari error is assigned upon the admission of testimony of the witnesses above referred to, and also upon the ground that the verdict in favor of the defendant was contrary to law and the evidence. The certiorari was overruled.

*J. T. Sisk,* for plaintiff.  *George C. Grogan,* for defendant.

POTTLE, J. (After stating the foregoing facts.)

It was admitted that the Fraternal Life Association had been licensed by the State to do business as a fraternal benefit order. If this is true, it is clear that the association would be estopped to deny its corporate existence, or its authority to accept contracts of insurance, in a suit brought by a beneficiary upon one of such contracts. 1 Joyce, Insurance, § 350, p. 39; 29 Cyc. 15-16. As estoppels must be mutual, it would also seem to be clear that when the duly authorized officers of the State issue a license to an insurance company to do business within the State, a policy-holder can not, in defense to an action brought upon a premium note, challenge the right of the insurance company to do business within the State or raise the point that the company had not complied with the statutes of this State so as to authorize it to execute contracts of insurance. See 2 Joyce, Insurance, § 1311; 1 Bacon, Benefit Societies, § 60. The license having been duly and regularly granted, it would seem that the right of the company to do business could be brought into question only in a direct proceeding instituted by the State.

But it is not necessary upon the present record to definitely determine this question. It was agreed that the insurance association was a fraternal benefit order. The Civil Code (1910), § 2866, defines a benefit order to be one "formed or organized and carried on for the benefit of its members and their beneficiaries, and having a representative form of government and a lodge system, with ritualistic form of work for the meeting of its lodges, chapters, councils, or other designated subordinate bodies, and the benefits, insurance, charity, or relief shall be payable by a grand or supreme body of the same, excepting sick benefits, which may also be paid by local or subordinate bodies." The evidence in the present case shows that no subordinate lodge was organized in the community where the defendant resided, and that he was never initiated in any lodge. But the law does not require the institu-

tion of a subordinate lodge in every community where a fraternal benefit order issues policies of insurance. It would, we think, be a sufficient compliance with the statute if such an order had one lodge, such as is described in the statute, at some place in the State where its members might be initiated. The fact that a particular member might not have been initiated into a lodge would not render the association illegal or invalidate its contracts. Nor do we think that the failure of the association to give a particular policy-holder an opportunity to be initiated into one of its lodges would render invalid and unenforceable either a policy of insurance issued to such member or a note given by the member in payment of a premium due on the policy. We are not prepared to hold that a policy-holder can defeat recovery on a premium note even though it should appear that the association had no lodges within the State. But so far as this case is concerned, it does not appear but that this association may have a number of lodges in different parts of the State. The admission that it was a fraternal benefit order necessarily carries with it the idea that the association has a representative form of government and a lodge system such as is described in the statute; and, this being so, its contracts will not be held to be invalid, nor will a policy-holder be allowed to defeat a premium note, solely upon the ground that he has not been initiated into one of the lodges of the association. The certiorari should have been sustained.      *Judgment reversed.*